RYAN et al., Appellees,

v.

TERRA VISTA ESTATES, INC., Appellant.

[Cite as *Ryan v. Terra Vista Estates, Inc.* (1996), 108 Ohio App.3d 595.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68933.

Decided Jan. 8, 1996.

*Daniel J. Ryan* and *Michael J. Flament,* for appellees.

*Crede Calhoun,* for appellant.

DYKE, Judge.

Appellant appeals from the trial court's determination of the amount of attorney fees owed in a fee dispute. Appellees represented appellant in actions against two defendants, Thomas Moriarty and Valley View. The agreement between appellant and appellees provided that appellees would earn forty percent of any judgment obtained against the two defendants as payment for their services. Two judgments were obtained in the amount of $400,560.94 against Moriarty and $114,000 against Valley View. Appellees recovered some of the money from these judgments in payment. However, when they could not recover the additional sums owed to them, the appellees filed a complaint against their former client.

After a trial to the bench, the court awarded $233,321.74 to appellees. Appellant filed a timely notice of appeal with this court from that judgment. This court affirmed the trial court's judgment for the most part, but remanded the cause to determine the factual basis of an amount relied upon by the trial court. This court determined that the record was not clear as to how the trial court had

arrived at the $507,439.55 amount, representing the award received in the action against Moriarty.

Upon remand the trial court specified the amounts relied upon in coming to its final determination of the award. The trial court found that the original judgment of June 8, 1988 against Moriarty, case No. 115658, was in the amount of $400,560.94. The court assessed interest on that amount from June 8, 1988 through April 15, 1993 at the ten percent rate allowed under R.C. 1343.03, totalling $193,608.51. The court then deducted the sum of the amounts recovered on the original judgment as listed in the July 29, 1993 judgment entry. The total after deducting the amount collected was $507,439.55. Mathematically, the total was determined as follows:

| | | |
|---|---|---|
| Original judgment against Moriarty | | $400,560.94 |
| Interest at 10% (6/8/88 – 4/15/93) | + | $193,608.51 |
| Amounts collected on the original judgment against Moriarty | – | $ 86,729.90 $507,439.55 |

Appellant filed a timely notice of appeal with this court from the trial court's explanation of how she arrived at the amount of the award. Appellant asserts one assignment of error:

"It was a gross abuse of discretion and error for the trial court to arbitrarily choose the exact amount of the judgment obtained against Moriarty as its value and then further assume that this value increased each year from the date of its entry by 10 percent until the judgment for appellees' fees was entered."

Appellant argues that the trial court arbitrarily arrived at the $507,439.55 amount as the basis of figuring the attorney fees. We find no merit in appellant's argument.

Appellant acknowledges that the amount of Moriarty's June 8, 1988 judgment was $400,560. The trial court was well within its statutory authority to assess interest on that amount at the rate of ten percent. R.C. 1343.03 entitles the creditor to interest at the rate of ten percent per annum, unless the written contract specified otherwise. The agreement between these parties did not specify any rate of interest. This provision has been applied in the context of attorney fee disputes. See *Sebaly, Shillito & Dyer v. Bakers Equip./Wholesalers, Inc.* (1991), 73 Ohio App.3d 491, 597 N.E.2d 1144, and *Bierlein v. Alex's Continental Inn, Inc.* (1984), 16 Ohio App.3d 294, 16 OBR 325, 475 N.E.2d 1273.

The issue is also raised by appellant as to whether the attorney fees should have been determined based upon the amount of the judgment against

Moriarty at face value or whether the court should interpret the agreement to ascertain the amount of attorney fees due only upon the collectable portion of the judgment. This issue is *res judicata* having already been determined by the trial court in the original case. The determination was affirmed by this court prior to remanding the action for the limited purpose of providing a factual basis for arriving at the $507,439.55 amount.

Appellant's assignment of error is overruled. The trial court's supplemental explanation of the award is sufficiently supported by competent, credible evidence. The attorney fee amount of $233,321.74 is affirmed.

*Judgment affirmed.*

PATTON, C.J., and O'DONNELL, J., concur.